UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENOK PASTOOR,

                Petitioner,

    v.

TODD BLANCHE, et al.,

                Respondents.

Case No. C26-1865-SKV

ORDER GRANTING IN PART
PETITION FOR WRIT OF HABEAS
CORPUS

## I.      INTRODUCTION

Petitioner Henok Pastoor, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, brings this 28 U.S.C. § 2241 habeas action through counsel seeking release from detention and injunctive relief.  Dkt. 7.  Respondents filed a return to the petition, Dkt. 10, together with supporting declarations and exhibits, Dkts. 11-12, and Petitioner filed a reply, Dkt. 13.  Now, having considered the parties' submissions and the governing law, the Court GRANTS the petition in part, ORDERS that Petitioner be released from detention within twenty-four (24) hours, and addresses the additional relief requested below.

/ / /

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

## II.    BACKGROUND

Petitioner was born in Ethiopia. *See* Dkt. 12, ¶3. As a child, Petitioner had an accident resulting in the amputation of his leg, hearing loss, and suspected cognitive damage, and was placed in an orphanage in Ethiopia. *See* Dkt. 7 at 6. As a result of an adoption, Petitioner was, on or about April 25, 2012, admitted into the United States as a Lawful Permanent Resident. *See id.*; Dkt. 12, ¶3. However, his adoptive parents were abusive and failed to follow the steps that may have allowed him to apply for citizenship. *See* Dkt. 7 at 6. Petitioner also has two criminal convictions: (1) on April 27, 2018, Petitioner was convicted of assault and battery, and sentenced to thirty days incarceration; and (2) on July 15, 2021, Petitioner was convicted of two counts of threats to bomb or damage buildings or means of transportation, and was sentenced to time served. Dkt. 12, ¶4.

On September 23, 2021, Petitioner was taken into ICE custody and, on July 29, 2022, he was ordered removed to Ethiopia by an immigration judge. *Id.*, ¶¶5-6. On January 11, 2023, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal of the removal order. *Id.*, ¶7. While he was detained, ICE indicated it was unlikely they would be able to obtain a travel document for Petitioner's removal due to Ethiopia's "lack of cooperation" with the United States, and that Petitioner would need a release plan because he had been found mentally incompetent by an immigration judge. *See* Dkt. 7, Ex. 1.

On or about August 3, 2023, Petitioner was released on an Order of Supervision (OSUP) due to ICE's inability to remove him to Ethiopia. *See* Dkt. 7, Ex. 2; Dkt. 11, Ex. 3 at 3; Dkt. 12, ¶8. Upon his release, Petitioner moved from Virginia to Washington to live with his sister, and complied with his reporting requirements. *See* Dkt. 7 at 7.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

On October 30, 2025, Ethiopia issued a travel document for Petitioner. *See* Dkt. 7, Ex. 3; Dkt. 11, Ex. 2; Dkt. 12, ¶9. On January 28, 2026, Petitioner reported to the ICE field office in Seattle. *See* Dkt. 7 at 7; Dkt. 12, ¶10. ICE advised Petitioner that his OSUP was being revoked based on ICE's ability to remove him, detained him, and transported him to NWIPC. Dkt. 11, Ex. 4 ("Notice of Revocation of Release" and document discussing informal interview upon revocation of OSUP); Dkt. 12, ¶10.

The travel document ICE obtained for Petitioner expired on April 30, 2026. *See* Dkt. 7, Ex. 3; Dkt. 11, Ex. 2. Respondents indicate that, while they were unable to arrange travel accommodating Petitioner's "physical limitations and mobility restrictions" before the travel document expired, they requested a reissued travel document from Ethiopia on May 6, 2026, and therefore have the ability and means to remove him in the reasonably foreseeable future." Dkt. 12, ¶¶11-12. Petitioner filed his habeas petition with this Court on May 29, 2026. *See* Dkt. 1. During this second period of detention, Petitioner's first child was born. *See* Dkt. 7 at 7.

## III.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026). "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.

## IV.    DISCUSSION

In his first ground for relief, Petitioner asserts that his current detention has become unlawfully indefinite under the framework articulated in *Zadvydas v. Davis*, 533 U.S. 678

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

(2001).  Dkt. 7 at 27-28.  In additional grounds for relief, he argues his re-detention violated both his procedural due process rights and implementing federal regulations, and raises challenges associated with any future attempt to re-detain him or to remove him to a third country.  *Id*. at 28-30.  In addition to seeking his release on the same conditions as his most recent release, Petitioner seeks injunctive relief:  (1) barring any future re-detention without the Government first satisfying various criteria; (2) barring his removal to a third country without due process; and (3) barring his removal to a third country where he is likely to face imprisonment or punishment upon arrival.  *Id*. at 33-34.

Respondents contend Petitioner's claim under *Zadvydas* fails because his removal to Ethiopia is significantly likely to occur in the reasonably foreseeable future.  Dkt. 10 at 5-6. Respondents also assert that Petitioner fails to demonstrate a violation of his right to due process or inconsistency with the applicable regulations as related to his re-detention, denies he is entitled to a pre-detention hearing, and argues that his claims regarding third-country removal are without merit and not ripe for review.  *Id*. at 6-12.[1]

For the reasons discussed below, the Court finds that *Zadvydas* compels Petitioner's release from immigration custody.  The Court therefore does not reach Petitioner's remaining claims, and otherwise addresses his requested relief below.

A.    Indefinite Detention Under *Zadvydas*

The INA expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings.  *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Section 1231(a) governs the detention and release of

---

[1] Respondents further assert that the habeas petition should be denied for the additional reason that it is not properly verified.  Dkt. 10 at 12-13 (citing Dkt. 7 at 28).  However, contrary to Respondents' assertion, counsel for Petitioner properly verified the petition pursuant to Local Civil Rule (LCR) 100(e).  *See* Dkt. 7 at 34-35.  *See also* Dkt. 13, Ex. 1.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security (DHS) is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. § 1231(a)(2). After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. *See* 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely. *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States. *See id.* at 701. The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id*. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id*. If the government is unable to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

The evidence before the Court shows that Petitioner's removal order became final on January 11, 2023, when the BIA denied his appeal. *See* Dkt. 7 at 7; Dkt. 12, ¶7. It further shows that Petitioner was detained from January 11, 2023, through August 3, 2023, that he was re-detained on January 28, 2026, and that he has remained detained since that date. *See* Dkts. 7, 10 & 12. There is, as such, no dispute that Petitioner has been detained for almost twelve months in

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

total following the final order of removal, and therefore far beyond the six-month presumptively reasonable time period recognized in *Zadvydas*.

Petitioner has also shown good reason to believe there is no significant likelihood of his removal to Ethiopia in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Petitioner's order of removal has been final for nearly three-and-a-half years, and the Government has been unable to effectuate his removal during two separate periods of detention. *See* Dkt. 12, ¶¶7-12. During the first detention, the Government pointed to Ethiopia's lack of cooperation as the reason Petitioner would likely be released, *see* Dkt. 7, Ex. 1, and ultimately released him because his removal to Ethiopia "had not been effected[.]" Dkt. 12, ¶8. The Government thereafter obtained a travel document to Ethiopia, but failed to timely act on it and allowed it to lapse during the second, current period of detention. *See id.*; Dkt. 12, ¶¶9-12. Petitioner points to articles, Government advisories, and a federal court decision as showing Ethiopia lacks the infrastructure to facilitate deportations due to several ongoing civil wars and other issues. *See* Dkt. 7 at 8-10 (citing, *inter alia*, United States Department of State, Ethiopia Travel Advisory (Apr. 1, 2026), https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/ethiopiatravel-advisory.html (last visited June 25, 2026); and *Afr. Communities Together v. Noem,* No. C26-10278, 2026 WL 948591, at *12-13 (D. Mass. Apr. 8, 2026)).

Respondents assert that Petitioner was re-detained on January 28, 2026, and that, "[w]hile in custody, ICE became aware of Petitioner's physical limitations and mobility restrictions" and were unable to arrange "appropriate charter travel" for him before the expiration of his travel document. Dkt. 12, ¶11. They indicate ICE requested a reissued travel document from Ethiopia on May 6, 2026, and expect Petitioner "can be removed to Ethiopia on an appropriate flight that accommodates his mobility limitations when the replacement travel document is issued[,]" and

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

that they therefore have "the ability and means to remove Petitioner to Ethiopia in the reasonably foreseeable future." *Id*., ¶12.

Respondents fail to sufficiently rebut Petitioner's showing. *See Zadvydas*, 533 U.S. at 701. As Petitioner observes, his physical limitations – including those associated with the amputation of his leg as a child – were known to the Government long before his re-detention in January 2026. Respondents do not explain why those limitations prevented his removal on a normal charter flight or in a conventional airplane seat, or what "appropriate charter travel" would entail. *See* Dkt. 12, ¶11. Petitioner asserts that, prior to his detention, "he flew in commercial airliners without incident multiple times, using crutches to eliminate the need for even a wheelchair." Dkt. 13 at 3. Moreover, Respondents concede that the only step taken towards again attempting to effectuate Petitioner's removal was a May 6, 2026, request for a reissued travel document. *See* Dkt. 12, ¶12. Neither the mere fact they made this request, nor their expectation they will be able to remove him once a replacement travel document is issued provides sufficient support for a finding that removal is significantly likely or that it will happen in the reasonably foreseeable future. *See, e.g., Bhandari v. Bondi*, C25-2747-KKE, 2026 WL 369403, at *4 (W.D. Wash. Feb. 10, 2026) (finding the fact "that ICE obtained a travel document, allowed it to expire, and has not since obtained a new travel document further supports that 'future lengthy detention is likely.'"); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur.") (citations omitted). Respondents also fail to respond to Petitioner's contentions regarding the current civil wars and other issues that may prevent his removal to Ethiopia.

The Court, in sum and on this record, finds that Petitioner has shown there is no significant likelihood of removal in the reasonably foreseeable future, that his detention has therefore become effectively indefinite under *Zadvydas,* and that he is entitled to release.

B.        Remaining Claims and Requested Relief

The Court does not reach Petitioner's remaining claims because the requested relief is duplicative of that ordered under *Zadvydas*.  The Court therefore turns to Petitioner's requests for injunctive relief.

Petitioner asserts that Respondents violated his right to due process and failed to comply with their own regulations in re-detaining him.  Accordingly, Petitioner seeks two related orders governing any future re-detention.  He requests an order prohibiting the Government from re-detaining him without first "holding a hearing before a neutral decisionmaker at which Respondents bear the burden of establishing flight risk or danger to the community by clear and convincing evidence based on changed circumstances since Petitioner was previously released." Dkt. 7 at 33.  He also requests an order prohibiting the Government from re-detaining him without first:  (1) obtaining a valid travel document to Ethiopia; (2) providing that document to him and his counsel; (3) offering him the opportunity to leave on his own within two months; and, (4) if he does not leave, permitting the Government to re-detain him provided they have already made concrete arrangements for him to be put on a flight to Ethiopia in the reasonably foreseeable future.  *Id.* at 34.

Petitioner additionally seeks injunctive relief barring his removal to a third country, arguing that the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture (CAT), implementing federal regulations, and the Administrative Procedures Act (APA) require notice and an opportunity to respond before the Government can pursue third-country removal.  *Id.* at

30-31, 34. Finally, Petitioner seeks injunctive relief barring his removal to a third county to the extent that he is likely to face imprisonment or punishment upon his arrival. *Id*. at 31-34.

A party seeking a permanent injunction "must demonstrate (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2008) (citations omitted).

Petitioner's factual development and related arguments in support of his request for injunctive relief are largely cursory. As related to possible future re-detention, Petitioner asserts that the Government's "policy to round up as many noncitizens as possible[]" shows it is significantly likely the Government will seek to re-detain him in the future. Dkt. 7 at 23 (citation omitted). Similar to his argument regarding third-country removal below, Petitioner does not meaningfully engage with the *eBay* factors or show a "cognizable danger of recurrent violation[.]" *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). The Court finds the limited factual record before it insufficient to show that Petitioner faces the risk of similar unlawful re-detention in the future after he is released under this Order. Petitioner's request for injunctive relief related to future re-detention is therefore denied.

As related to possible third-country removal, Petitioner in large part challenges the Government's third-country removal practices generally and summarily concludes that he meets the requisite elements for injunctive relief. *See* Dkt. 7 at 30-33. In his reply, Petitioner observes that, while there is a strong indication Respondents are seeking to remove him to Ethiopia, they

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 9

do not state whether they are or are not simultaneously seeking his removal to a third country. *See* Dkt. 12. Petitioner argues injunctive relief should be granted given this "significant" omission. *Nguyen v. Bondi*, No. C25-2024-TL, 2025 WL 3534168, at *7 (W.D. Wash. Dec. 10, 2025) (finding significant the qualification in the statement that ICE was only seeking to remove petitioner to Vietnam "'at this time'", because "it clearly indicates that the decision could be changed at any moment."). However, the Court does not find the omission, standing alone, sufficient to show it is reasonably likely Respondents will seek to remove Petitioner to a third country without due process or as part of a punitive policy or practice. As Petitioner concedes, and as demonstrated by their request for a re-issued travel document, Respondents indicate that they are seeking to remove him to Ethiopia. *See* Dkt. 12, ¶12. The Court, under these circumstances, finds Petitioner's request for injunctive relief relating to third country removal premature and properly denied without prejudice. *See, e.g., Ali v. Bondi,* No. C26-73-MLP, 2026 WL 657471, at *3 (W.D. Wash. Mar. 9, 2026); *Tran v. Bondi*, No. C25-01897-JLR, 2025 WL 3140462, at *4 (W.D. Wash. Nov. 10, 2025).

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS the habeas petition, Dkt. 7, in part and ORDERS that Petitioner be RELEASED from immigration detention within **twenty-four (24) hours** on conditions of supervision consistent with those in place at the time of his re-detention. Respondents shall file a certification with the Court within **forty-eight (48) hours** that Petitioner has been released. Petitioner's remaining claims are denied as MOOT. Petitioner's requests for

/ / /

/ / /

/ / /

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 10

injunctive relief are DENIED.

Dated this 25th day of June, 2026.

_S. Kate Vaughan_

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 11